873 F.2d 1438
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Welford L. COTTON, James Roger Cotton, Plaintiffs-Appellants,
v.
OTIS ELEVATOR COMPANY, a New Jersey Corporation; Richard M.
Whiston, Defendants-Appellees.
 No. 88-2529.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 8, 1988.
Decided: April 4, 1989.
 
 Bert McClellan Grimm, Jr. (John F. Wood, Jr., Wood, Grimm & Delp, on brief), for appellants.
 Richard D. Owen (Stephen P. Goodwin, Goodwin & Goodwin, on brief), for appellees.
 Before ERVIN, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 We have heard an earlier appeal in this same case, Cotton v. Otis Elevator Company, No. 87-3552 Slip. Op. (4th Cir. Feb. 26, 1986) (unpublished). Now, the plaintiffs contest the validity of the district court's order requiring them to release the judgment as having been satisfied. We think there is an inadequate record to support the district court's order, and we vacate and remand.
 
 
 2
 Pursuant to a contract between the parties, Otis Elevator (Otis) apparently made payments to Welford L. Cotton and James Robert Cotton (Cottons) of principal and interest in November 1982 and November 1983. A dispute arose over an indemnity clause in the contract, and this litigation ensued. Prior to trial, the parties entered into a stipulation that the amount unpaid on the contract was $165,000 plus interest at 9% from November 19, 1981 to the then present date, March 8, 1987. The district court, on March 20, 1987, decided for the Cottons at trial and entered its judgment of $165,000 plus 9% interest from November 19, 1981 until the date of the entry of its judgment and 10% interest from the date of entry of judgment until payment. Otis appealed, and we affirmed. Cotton v. Otis Elevator, No. 87-3552 Slip. Op (4th Cir.1986) (unpublished). On March 29, 1988, Otis paid the Cottons $254,572.32 which it says is $165,000 principal plus 9% interest from November 19, 1983 and 10% interest from March 20, 1987. Otis, relying on its March 29, 1988 payment, and what it claims are 1982 and 1983 payments of interest, moved for the court to require the Cottons to release the judgment as satisfied. The district court ordered the release, and the Cottons appealed. The primary issue on appeal is whether any interest payments made by Otis in 1982 and 1983 should be credited against the judgment.
 
 
 3
 On the one hand, we have the March, 1987 stipulation and the March, 1987 judgment of the district court which tend to show that the 1982 and 1983 payments had been taken into account when the stipulation was entered into and the judgment was entered. On the other hand, we have the present order appealed from which tends to show that Otis will have to pay a debt twice if the 1982 and 1983 payments are not credited to the judgment.
 
 
 4
 The district court made no findings of fact. The record is devoid of evidence as to whether the stipulation was entered into by mistake. There is also no conclusion as to whether any such mistake may now be corrected. There is nothing in the record to show whether any interest payments made in 1982 and 1983 should be credited against the judgment. Accordingly, we remand for the district court to take such evidence as it may deem appropriate regarding the dispute and to issue its findings of fact and conclusions of law in its reconsideration of the matter at hand.
 
 
 5
 VACATED AND REMANDED.